DISTRICT COURT OF GUAM

| | |
|---|---|
| GARY WAYNE FRANCIS GUMATAOTAO,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID JEFFREY HIGHSMITH; DOES I and II INSURANCE COMPANIES; and GOVERNMENT OF GUAM<br><br>Defendants. | CIVIL CASE NO. 21-00019<br><br>**ORDER**<br>Granting Motion to Suspend Rule 16 Scheduling Order Timelines and Stay Discovery (ECF No. 17) |

Pending before the court is a Motion to Suspend Rule 16 Scheduling Order Timelines and Stay Discovery (the "Motion to Stay Discovery"), filed by Defendant Government of Guam. *See* ECF No. 17. Defendant Highsmith does not oppose the motion. *Id.* at 2. Plaintiff filed an Opposition to the motion, and the Government of Guam subsequently filed a Reply to the Opposition. *See* ECF nos. 19 and 20. No party has requested that the motion be set for hearing, and the court does not believe oral argument on the matter is necessary. Accordingly, having reviewed the pertinent filings and relevant case law, the court issues this Order granting the Motion to Stay Discovery.

**BACKGROUND**

On July 22, 2021, the Plaintiff filed a Verified Complaint[1] in the Superior Court of Guam against the Defendants, and on August 9, 2021, the Defendants removed the action to this court. *See*

---

[1] Hereinafter, the "Complaint." A copy of the Complaint is attached to the Notice of Removal, beginning on page 7. . The Complaint alleges that Defendant Highsmith, who was then employed as an Assistant Attorney General for the Government of Guam, pushed the Plaintiff in the atrium of the Superior Court of Guam following a court hearing and caused Plaintiff to suffer injuries. *See* Compl. at ¶¶10-18, ECF No. 1.

1  Notice of Removal, ECF No. 1. Count I of the Complaint asserts various torts against Defendant
2  Highsmith and unnamed insurance companies.[2] Count II of the Complaint seeks compensatory
3  damages from Defendant Government of Guam.[3] Count III of the Complaint asserts a Section 1983
4  claim against Defendants Highsmith and the Government of Guam for violating the Plaintiff's civil
5  rights and seeks compensatory as well as punitive damages against said Defendants.[4]

6  On August 17, 2021, the Government of Guam of Guam filed a Motion to Dismiss, seeking
7  a dismissal of all claims against it because of the government's sovereign immunity, statutory
8  immunity or the Plaintiff's failure to state plausibly cognizable claims against it. *See* Gov't of Guam
9  Mot. Dismiss, ECF No. 2.

10  On August 23, 2021, the Plaintiff filed a Motion to Remand. *See* Mot. Remand, ECF No. 3.
11  Said motion asserts that the court should remand the entire case back to the Superior Court of Guam
12  or, in the alternative, to sever the claims and remand Counts I and II back to the Superior Court. *Id.*
13  at 8.

14  On August 24, 2021, Defendant Highsmith filed a Motion to Dismiss seeking a dismissal,
15  pursuant to Rule 12(b)(6), of some claims in Count I and Count III in its entirety. *See* Highsmith
16  Mot. Dismiss at 2, ECF No. 4.

17  The above motions have been fully briefed and are pending before the Chief Judge.

## DISCUSSION

19  The Government of Guam asks the court to stay discovery pending the court's rulings on the
20  Defendants' motions to dismiss. The Government of Guam seeks dismissal on various grounds
21  which includes sovereign immunity, and because the issue of sovereign immunity is jurisdictional,

---

[2] The claims as listed in Count I are Assault, Battery, Infliction of Emotional Distress, Invasion of Privacy, Loss of Reputation, Oppressive Conduct and Punitive Damages. *See* Compl. at ¶¶27-52, ECF No. 1.

[3] Count II includes claims arising under the Government Claims Act (5 GUAM CODE ANN. § 6101 *et seq.*), "federal and local Whistleblower laws and regulations and the Organic Act of Guam" and "the First Amendment to the United States Constitution and the Organic Act of Guam" and the Occupational Safety and Health Act of 1970. *See* Compl. at ¶¶53-97, ECF No. 1.

[4] *See* Compl. at ¶¶98-118, ECF No. 1.

it argues that said issue should be resolved before the Government of Guam expends further resources in the discovery process.

A district court has wide discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Although a pending motion to dismiss ordinarily would not warrant a stay of discovery, a stay may be justified when issues of jurisdiction or immunity are raised in the dispositive motion. *Id.* (finding no abuse of discretion where the district court stayed discovery pending the resolution of an immunity issue). Consistent with the other district court's in this circuit, the court will employ a two-part test to determine whether to exercise its discretion and stay discovery pending resolution of the motions to dismiss and the motion seeking remand. First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). Second, "the court must determine whether the pending motion can be decided absent discovery." *Id.*

Here, Defendants' motions to dismiss are potentially dispositive. A dismissal of the federal claims would result in a remand of this action because this court would lack subject matter jurisdiction over the remaining local law claims. Additionally, the Government of Guam seeks dismissal based on sovereign immunity, which involves a question of law and not fact, *see City of San Juan Capistrano v. California Pub. Utilities Comm'n*, 937 F.3d 1278, 1280 (9th Cir. 2019), that issue can be decided without the need for discovery. *See Hachette Distribution v. Hudson Cty. News Co.,* 136 F.R.D. 356, 358 (E.D.N.Y. 1991 ("Discovery should be stayed . . . only when there are no factual issues in need of further immediate exploration, and the issues before the [c]ourt are purely questions of law that are potentially dispositive.").

Furthermore, the motions to dismiss seek dismissal pursuant to Rule 12(b)(6) because of Plaintiff's alleged failure to state plausibly cognizable claims against the Defendants. "The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Plaintiff's Opposition to the Motion to Stay Discovery does not assert that discovery is required to oppose the motions to dismiss. The Plaintiff has already filed his

opposition to the dispositive motions. *See* ECF Nos. 10-11. Rather, the Plaintiff argues that discovery should commence "to resolve the case." Opp'n at 5, ECF No. 19. Discovery is an expensive process, and the court is mindful of Rule 1's instruction that the federal rules "should be construed, administered and employed . . . to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Having reviewed the moving and responsive papers and taken a "preliminary peek" at the parties' briefs on the motions to dismiss, the court finds that goals of Rule 1 would be best served by staying discovery in this action pending the Chief Judge's ruling on the dispositive motions.

## CONCLUSION

Based on the above discussion and finding that discovery is unnecessary to the resolution of the dispositive motions, the court grants the Government of Guam's Motion to Stay Discovery and orders that all discovery in this action be stayed until the Chief Judge rules on the pending motions. The court also orders that the scheduling conference set for November 9, 2021, be vacated.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Oct 27, 2021