# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GARY WAYNE FRANCIS GUMATAOTAO, <br><br> Plaintiff, <br><br> vs. <br><br> DAVID JEFFREY HIGHSMITH, DOES I AND II, INSURANCE COMPANIES, and GOVERNMENT OF GUAM, <br><br> Defendants. | CIVIL CASE NO. 21-00019 <br><br> **DECISION & ORDER** <br> **RE: MOTIONS TO DISMISS, MOTION TO REMAND, AND MOTION TO STAY** |

Before the court are four motions: Defendant Government of Guam's ("GovGuam") Motion to Dismiss (ECF No. 2); Plaintiff Gary Wayne Francis Gumataotao's ("Gumataotao") Motion to Remand (ECF No. 3); Defendant David Jeffrey Highsmith's ("Highsmith") Motion to Dismiss (ECF No. 4); and Gumataotao's Motion to Stay (ECF No. 5).

For the reasons stated herein, the court **GRANTS** GovGuam and Highsmith's motions to dismiss Count III and **REFRAINS** from ruling on the motions to dismiss as to the other counts. The court **GRANTS** Gumataotao's motion to remand and **DENIES AS MOOT** Gumataotao's motion to stay.

## I. Factual and Procedural Background

On July 22, 2021, Gumataotao filed a complaint in the Superior Court of Guam. Notice

1

of Removal at 7, ECF No. 1. Therein, Gumataotao asserted three counts, one of which invokes federal law by alleging violations of 42 U.S.C. §1983 against GovGuam and Highsmith. *Id* ¶¶ 27-119. On August 9, 2021, GovGuam filed a Notice of Removal. *See generally, id.* Therein, GovGuam removed on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331; 1441(a), and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

The aforementioned motions were subsequently filed, and are now before the court.

**II. GovGuam and Highsmith's Motions to Dismiss**

Gumataotao alleges Counts II and III against GovGuam, and Counts I and III against Highsmith. ECF No. 1 at 11-25. GovGuam moves to dismiss all claims against it. ECF No. 2 at 6. Highsmith moves to dismiss certain sections of Count I and all of Count III against him. ECF No. 4 at 1. The court will only address the motion to dismiss as to Count III. Because the court is granting the motion to remand, the court finds it unnecessary to address Counts I and II.

    **a. Gumataotao Fails to Plead Cognizable § 1983 Claims**

Like states, territories are not "persons" for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-65 (1989). The Supreme Court held that "[n]either the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990).

The Ninth Circuit explicitly enumerated what it believed to be a silent exception to the Supreme Court's holding in *Ngiraingas*. In *Ada*, the Ninth Circuit held that a Guam official is a "person" when sued in his or her official capacity for *prospective* relief. *Guam Soc. Of Obstetricians and Gynecologists v. Ada*, 962 F.2d 1366, 1370 (9th Cir. 1992). The Ninth Circuit pointed out the established "distinction between suit against governmental officials for damages, such as *Ngiraingas*, and those for injunctive relief." *Id*. at 1371. State officers, when sued *for damages* in their official capacities, are, like States, not "persons" within the meaning of § 1983.

*Id.* "The rule is entirely different, however, when the suit is for injunctive relief." *Id.* A "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* (quoting *Will*, 491 U.S. 71 n.10); *see also Paeste v. Government of Guam*, 798 F.3d 1228, 1236 (9th Cir. 2015). In sum, "[w]hat *Ngiraingas*, *Ada*, and *Paeste* establish together is that the Government of Guam and its officials may be sued for prospective injunctive relief, as they are 'persons' for purposes of a §1983 claim under the *Ex parte Young* doctrine. But if they are instead being sued for retrospective damages, the Government of Guam and Guam's officials do not meet the § 1983 statutory definition of a person." *L. Offs. of Phillips & Bordallo, P.C. v. Birn*, 2021 WL 2229037, at *4 (D. Guam June 2, 2021), *appeal dismissed sub nom. Phillips & Bordallo, P.C. v. Birn*, 2021 WL 6197129 (9th Cir. Oct. 6, 2021).

Here, Gumataotao does not seek prospective injunctive relief, but rather retrospective compensatory damages, punitive damages, and attorney's fees and costs against both GovGuam and Highsmith. *See* Notice of Removal at 26, ECF No. 1. Because this is a suit for retroactive money damages, neither GovGuam nor Highsmith are "persons" under §1983 and therefore Gumataotao fails to state a cognizable §1983 claim for which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

### b. Leave to Amend the Complaint would be Futile

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021). District courts have dismissed § 1983 claims for retrospective monetary damages with prejudice. *See Kitano v. Guam Territorial Parole Bd.*, 2007 WL 1795544 at *2 (D. Guam June 21, 2007) (dismissing § 1983 claim "with prejudice as a matter of law" seeking monetary damages against Guam Territorial Parole Board and defendants acting in their official capacities); *see also Brown v. Dunbar*, 2007

3

WL 1960630 at *1 (W.D. Wash. July 2, 2007) (dismissing § 1983 claim seeking monetary damages against State of Washington, one of its Departments, and four of that Department's employees, with prejudice); *Peinhopf v. Guerrero*, 2021 WL 218721 at *12 (D. Guam Jan. 21, 2021) (adopting Magistrate's Report & Recommendation dismissing § 1983 claim seeking monetary damages against the Governor of Guam, with prejudice).

An amended complaint would be futile. In *Lund*, the Ninth Circuit upheld the district court's denial of leave to file an amended complaint, reasoning that the plaintiff's recharacterization of retrospective monetary damages into prospective declaratory relief was irreconcilable with his allegations, which were based on past conduct and past harm. *Id.* at 969-70.

Here, like in *Lund*, Gumataotao would not be able to save his §1983 claim, even if he added declaratory or injunctive relief, because his allegations would still be based on an altercation that occurred "on or about August 1, 2019." Notice of Removal at 2, ECF No. 1. Because Gumataotao alleges that this 2019 altercation was the cause of his harm, any attempt to recharacterize his monetary damages into prospective relief, whether declaratory or injunctive, would be irreconcilable with the allegations.

Therefore, the court **GRANTS** GovGuam and Highsmith's motions to dismiss Count III. Count III of the Complaint is hereby **DISMISSED WITH PREJUDICE**.

**III. Gumataotao's Motion to Remand**

Gumataotao argues that the case should be remanded back to the Superior Court of Guam. Mot., ECF No. 3. While GovGuam properly removed the action to this court, the court's dismissal of the federal law claim against GovGuam and Highsmith merits remanding this case back to the Superior Court of Guam.

### a. GovGuam's Removal is Proper

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions arising under federal questions, including the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

"[A]ny civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Here, GovGuam properly removed Gumataotao's claims to this court. This court has original federal question jurisdiction due to Gumataotao's allegation that GovGuam and Highsmith violated § 1983. Because the court has original federal jurisdiction, the court "shall" have supplemental jurisdiction over Gumataotao's state law claims insofar as they form part of the same case or controversy. Gumataotao realleges roughly half of the Complaint in Count III for a violation of § 1983. Notice of Removal at 22, ECF No. 1 (¶ 98: "Plaintiff reasserts and realleges the allegations set forth in paragraphs 1 though 44 of the Complaint as though more fully set forth herein."). Importantly, the main operative facts, which describe an altercation that occurred in the Superior Court of Guam "on or about August 1, 2019," are contained within paragraphs 1-23 of the Complaint. *See id.* at 1, 9-10. Because the federal and state law claims arise out of the same controversy, the court finds that it has supplemental jurisdiction over Gumataotao's state law claims.

### b. GovGuam's Notice of Removal is Not Procedurally Deficient

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing the notice of removal under section 1446(a)." 28 U.S.C. § 1447. Here, the Notice of Removal was filed on August 9, 2021, ECF No. 1, and Gumataotao filed the instant Motion to Remand on August 23, 2021, ECF No. 3. Therefore, Gumataotao timely filed his Motion to Remand to raise procedural defects. Gumataotao argues that GovGuam's Notice of Removal is deficient because it does contain the explicit consent of all defendants. ECF No. 3 at 5-6.

"In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'" *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (brackets in original). While the circuits are divided as to what form a co-defendant's joinder in removal must take, the Ninth Circuit has adopted the so-called "rule of unanimity" which merely requires that "all the defendants must join in the application for removal" without specifying *how* defendants must join in removal. *Id.* at 1224-25. "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Id.* at 1225. The availability of sanctions against the attorney, and the opportunity for co-defendants to object to the notice of removal, "mitigate concerns that one defendant might falsely state the other defendants' consent, or that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." *Id.*

GovGuam's Notice of Removal explicitly states that "All named and served defendants consent to and join in this notice of removal." Notice of Removal ¶ 10, ECF No. 1. Therefore, the court finds that there is no procedural defect in the notice of removal.

6

Case 1:21-cv-00019   Document 32   Filed 03/28/22   Page 6 of 8

### c. The Court Remands Because There are No Longer Any Federal Law Claims

Although state and federal courts may have concurrent jurisdiction to initially consider a case, the state court loses jurisdiction upon proper removal of the case to federal court. *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987). However, "[a] federal district court has discretion under the doctrine of pendent jurisdiction to remand to state court a removed case upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). A district court has pendent jurisdiction over state law claims if the state and federal claims derive from a common nucleus of operative facts. *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725-26 (1966). In *Cohill*, the "state-law claims fell within the jurisdiction of the District Court to which it was removed because they derived from the same nucleus of operative facts as the federal-law claim." *Cohill*, 484 U.S. at 350-51. "When the single federal-law claim in the action was eliminated … the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Id.* "The question that this case presents is whether the District Court could relinquish jurisdiction over the case only by dismissing it without prejudice or whether the District Court could relinquish jurisdiction over the case be remanding it to state court as well." *Id.* The Supreme Court held that a district court could remand the case, reasoning that the discretion to remand enables the district court to deal with cases in a manner that "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* at 357.

As mentioned above, the court is ordering dismissal of Count III for alleged violations of § 1983 against GovGuam and Highsmith for failure to state a cognizable claim for which relief may be granted. Because, like in *Cohill*, the lone federal claim has been "eliminated," the court finds that "retaining jurisdiction over the case would be inappropriate." *Id.* Thus, in the interest of economy, convenience, fairness, and comity, the court remands this action to the Superior

Court of Guam.

Therefore, the court **GRANTS** Gumataotao's Motion to Remand and **ORDERS** the action to be remanded to the Superior Court of Guam.

### IV. Conclusion

For the foregoing reasons, the court **GRANTS** GovGuam and Highsmith's motions to dismiss Count III, **REFRAINS** from ruling on GovGuam and Highsmith's motions to dismiss other counts, and **ORDERS** dismissal of Count III **WITH PREJUDICE**. Furthermore, the court **GRANTS** Gumataotao's motion to remand and **ORDERS** the action to be remanded to the Superior Court of Guam. The court **DENIES AS MOOT** Gumataotao's motion to stay.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Mar 28, 2022**